1 | Muriel B. Kaplan, Esq. (SBN 124607)
  | Shivani Nanda, Esq. (SBN 253891)
2 | SALTZMAN & JOHNSON LAW CORPORATION
  | 44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
  | (415) 882-7900
4 | (415) 882-9287 – Facsimile
  | mkaplan@sjlawcorp.com
5 | snanda@sjlawcorp.com

6 | Attorneys for Plaintiffs

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | RUSSELL E. BURNS and RICHARD PIOMBO, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al. | Case No.: C 13 2713 JSW

**JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON**

14 | Plaintiffs,

15 | v.

16 | TDW CONSTRUCTION, INC.,

17 | Defendant.

18

19 | IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs Russell E. Burns, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant TDW CONSTRUCTION, INC., a California Corporation, ("Defendant") and/or any alter egos and/or successor entities, as follows:

23 | 1. Defendant entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

26 | ///

27 | ///

28 | ///

-1-
**JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON**
Case No.: C 13 2713 JSW

P:\CLIENTS\OE3CL\TDW Construction 2\Pleadings\Judgment Pursuant to Stipulation 021014.doc

2. Defendant has become indebted to the Trust Funds as follows:

| Work Month | Unpaid Contributions* | 20% Liquid. Damages | 10% Interest through date of payment or 1/29/14 if unpaid | Subtotal |
|---|---|---|---|---|
| July 2012 | $0.00 | $1,786.15 | $1,022.12 | $2,808.27 |
| August 2012 | $0.00 | $2,627.46 | $1,410.91 | $4,038.37 |
| September 2012 | $0.00 | $1,815.34 | $907.12 | $2,722.46 |
| October 2012 | $0.00 | $2,977.79 | $1,415.28 | $4,393.07 |
| November 2012 | $0.00 | $1,082.83 | $496.92 | $1,579.75 |
| December 2012 | $0.00 | $886.44 | $375.45 | $1,261.89 |
| January 2013 | $0.00 | $0.00 | $0.00 | $0.00 |
| February 2013 | $0.00 | $116.74 | $44.14 | $160.88 |
| March 2013 | $0.00 | $424.64 | $142.52 | $567.16 |
| April 2013 | $0.00 | $2,234.67 | $673.46 | $2,908.13 |
| May 2013 | $4,230.90 | $2,855.70 | $794.99 | $7,881.59 |
| June 2013 | $13,588.48 | $2,717.70 | $699.90 | $17,006.08 |
| July 2013 | $13,836.30 | $2,767.26 | $595.15 | $17,198.71 |
| August 2013 | $14,731.59 | $2,946.32 | $508.54 | $18,186.45 |
| September 2013 | $12,317.02 | $2,463.40 | $323.95 | $15,104.37 |
| October 2013 | $12,846.07 | $2,569.21 | $228.77 | $15,644.05 |
| November 2013 | $14,731.59 | $2,946.32 | $141.26 | $17,819.17 |
| **Subtotals:** | **$17,988.80** | **$33,217.97** | **$9,780.48** | |
| **Delinquent Contributions, Interest & Liquidated Damages thereon** (7/12-11/13, breakdown above) | | | | **$129,280.40** |
| **15% Liquidated Damages on unpaid contribution balance through 12/11/11** | | | | **$71,307.90** |
| **Attorneys' Fees** (6/6/13-1/27/14) | | | | **$11,433.50** |
| **Costs** (through 11/7/13) | | | | **$484.70** |
| | | | **Grand Total:** | **$212,506.50** |

*Unpaid contributions listed are not the total amounts due in contributions, but rather balances due on those contributions. When an employer is delinquent, payments received by the fund administrator are first allocated to the "vacation & dues" owed for the earliest delinquent months so that employees have access to those benefits. Therefore, although Defendant may have submitted full payment of contributions for certain months, portions of these payments were applied to prior delinquencies.

3. Defendant shall *conditionally* pay the amount of **$107,980.63**, representing all of the above amounts, **less liquidated damages in the amount of $104,525.87, which may be waived,** *expressly conditioned upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on or before March 1, 2014, and on or before the 1st day of each month thereafter, for a period of twenty-four (24) months, through and including February 1,

-2-
JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON
Case No.: C 13 2713 JSW

P:\CLIENTS\OE3CL\TDW Construction 2\Pleadings\Judgment Pursuant to Stipulation 021014.doc

2016, Defendant shall pay to Plaintiffs the amount of **$5,000.00** per month;

        (b)      Payments may be made by joint check, which shall be endorsed by Defendant prior to submission to Plaintiffs;

        (c)      Defendant shall have the right to increase the monthly payments at any time, without penalty;

        (d)      Any advance payments received by Plaintiffs prior to the monthly stipulated due date will be credited to the next stipulated payment due;

        (e)      Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 10% per annum, from January 30, 2014, in accordance with Plaintiffs' Trust Agreements;

        (f)      Payments shall be made payable to the "*Operating Engineers' Trust Funds*" and delivered to Shivani Nanda at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be received on or before the 1st day of each month**.

        (g)      Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of any amounts owed by Defendant to Plaintiffs, regardless of whether or not there is a default herein.

        (h)      Prior to February 1, 2016, the deadline for Defendant's last monthly payment toward the conditional balance owed under the Stipulation, Plaintiffs shall notify Defendant in writing of the final amount due, including any additional interest and attorneys' fees and costs, as well as any other amounts due under the terms herein. Any additional amounts due pursuant to the provisions hereunder shall be paid in full with the final conditional stipulated payment.

        (i)      Following payment of the last conditional monthly payment under the Stipulation, the conditional liquidated damages waiver will become final so long as Defendant has timely complied with each and every term of this Stipulation. If Defendant timely complies with each and every term of this Agreement, and therefore the liquidated damages are waived, upon bank clearance of Defendant's last payment of the conditional balance, and confirmation that

Defendant's account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. In the event that Defendant does not meet the condition for waiver of liquidated damages, monthly payments will continue until all liquidated damages due have been paid.

(j)  Failure to comply with any of the above terms shall constitute a default of Defendant's obligations under this Stipulation and the provisions of ¶10 shall apply.

4. Beginning with contributions due, if any, for hours worked by Defendant's employees during the month of January 2014, and <u>for every month thereafter that the Bargaining Agreement remains in effect</u>, Defendant **shall remain current in any reports and contributions** that may be due to Plaintiffs under the current Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **Defendant shall submit a copy of the contribution report for each month, together with a copy of that payment check, by facsimile to Shivani Nanda at 415-882-9287, or to such other fax number as may be specified by Plaintiffs, or by email to both snanda@sjlawcorp.com and arutkowski@sjlawcorp.com, <u>concurrently with sending the payment to the Trust Fund office</u>.** Failure by Defendant to timely submit copies of current contribution reports and payments to Shivani Nanda as described above shall constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply.

5. Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with a monthly job report on the form attached hereto as *Exhibit A*, including, but not limited to, the name and address of job, general contractor information, certified payroll if a public works job, start date and anticipated completion date, of each job. **Defendant shall submit said job report on the first day of each month by facsimile to Shivani Nanda at 415-882-9287, or to such other fax number as may be specified by Plaintiffs, or by email to both snanda@sjlawcorp.com and arutkowski@sjlawcorp.com .** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be emailed or faxed to Shivani Nanda, concurrently with

the monthly job reports. Failure by Defendant to timely submit updated monthly job reports shall constitute a default of the obligations under this agreement. This obligation remains in full force and effect regardless of whether Defendant's account is deactivated. So long as Defendant remains in business, regardless of whether it is covered under the current Collective Bargaining Agreement, a job report shall be submitted until this Judgment is satisfied in full.

6. Failure by Defendant to remain current in reporting or payment of contributions owed shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions shall violate the condition for waiver of liquidated damages and shall be added to and become a part of this Judgment together with 20% liquidated damages and 10% per annum interest accrued on contributions and shall be subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

7. **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement.

(a) In the event that Defendant is audited, and amounts are found due, Plaintiffs shall send a written demand to Defendant by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees.

(b) Defendant will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Shivani Nanda.

(c) If the audit is contested, and Defendant provides documentation in support of the

dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, Plaintiffs will notify Defendant of this fact and payment shall be due within ten (10) days of such notice.

  (d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing.

  (e) If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

  (f) Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement. Unless Defendant's default is cured within the specified period after receiving notice of their default, all amounts found due on audit shall immediately become part of this Judgment.

  8. Any check not timely submitted, submitted by Defendant but failing to clear the bank, or unable to be negotiated for any reason for which Defendant is responsible, shall be considered to be a default on the Judgment entered. If Defendant fails to submit its contribution reports, and/or certified payroll reports (if any) and/or job reports, and/or fails to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

///
///
///
///
///
///

9. If a default occurs for any reason other than failure to comply with the terms set forth in Paragraph 4, Plaintiffs shall make a written demand, sent to Defendant by regular mail, to cure said default within fourteen (14) calendar days of the date of the notice from Plaintiffs. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check. No such notice is required in the event that Defendant fails to comply with the terms set forth in Paragraph 4.

10. In the event a default is not cured, or Defendant fails to comply with the terms set forth in Paragraph 4, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

(a) The entire amount of $212,506.50 plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, including audit findings, if any, plus 20% liquidated damages and 10% per annum interest thereon shall be immediately due, together with any additional attorneys' fees and costs incurred;

(b) A Writ of Execution may be obtained against Defendant without further notice, in the amount of the unpaid balance, plus any additional amounts due under the terms herein. The declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant, and the balance due and owing as of the date of default, shall be sufficient to secure the issuance of a Writ of Execution;

(c) Defendant waives notice of entry of judgment and expressly waives all rights to stay of execution and appeal.

11. Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of that breach or any subsequent breach by the Defendant of any provisions herein.

12. In the event of the filing of a bankruptcy petition by Defendant, the parties agree that any payments made by Defendant pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise.

Defendant nevertheless represent that no bankruptcy filings are anticipated.

13. Upon the court's approval of this Judgment Pursuant to Stipulation, Plaintiffs shall file with the court and provide to Defendant a satisfaction of judgment in full in the case of *Gil Crosthwaite and Russ Burns, in their respective capacities as Trustees of the Operating Engineers Health and Welfare Trust Fund for Northern California, et al. v. TDW Construction, Inc. and Edmundo M. Alire;* United States District Court, Northern District of California, Case No. C06-6227. In addition, Plaintiffs shall withdraw any and all levies and enforcement actions taken with regards to the judgment being satisfied.

14. As long as Defendant complies with all of the terms of this Stipulation, Plaintiffs shall take no action to enforce the judgment entered in this case.

15. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

16. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, the Trust Agreements incorporated into the Collective Bargaining Agreement, and the law.

17. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

18. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

19. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

20. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

Dated: February 13, 2014    **TDW CONSTRUCTION, INC., a California Corporation**

By: _____/S/_____
EDMUNDO DAVID ALIRE, RMO

Dated: February 19, 2014    **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
DAVID E. HAYNER
Collections Manager

Dated: February 19, 2014    **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
SHIVANI NANDA, ESQ.
Attorneys for Plaintiffs

APPROVED AS TO FORM.

Dated: February 13, 2014    **WILLIAM D. THOMSON, ATTORNEY AT LAW**

By: _____/S/_____
WILLIAM D. THOMSON, Attorney for Defendant

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: February 24, 2014

_Jeffrey S. White_
UNITED STATES DISTRICT COURT JUDGE

# ATTESTATION CERTIFICATE

In accord with the Northern District of California's General Order No. 45, Section X(B), I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature page.

Dated: February 19, 2014  **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
SHIVANI NANDA, ESQ.
Attorneys for Plaintiffs

**Exhibit A**

***JOB REPORT FORM***

*\*\* Updated report must be emailed to snanda@sjlawcorp.com and arutkowski@sjlawcorp.com, or faxed to (415) 882-9287, by the 1st day of the following month, each month \*\**

Employer Name: **TDW CONSTRUCTION, INC.**

Report for the month of _____, 20____ Submitted by (name): _____

\*\*Please spell out project, owner and general contractor names\*\*

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

\*\*Attach additional sheets as necessary\*\*